UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TROY and LEA ETTS,

                      Plaintiffs,

vs.

DEUTSCHE BANK NATIONAL TRUST
COMPANY, as Trustee for Securitized
Asset Backed Receivables LLC Trust 2004-NCI,
Pooling and Servicing Agreement Dated as of
April 1, 2004, et al.,

                      Defendants.
_____/

Case No. 13-CV-11588

Hon. Mark A. Goldsmith

**OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT
DEUTSCHE BANK NATIONAL TRUST COMPANY'S AND DEFENDANT OCWEN
LOAN SERVICING, LLC'S MOTION TO COMPEL PLAINTIFFS TO MAKE
MONTHLY PAYMENTS INTO A COURT ESCROW ACCOUNT (DKT. 3)**

## I. INTRODUCTION

This case arises out of the foreclosure of Plaintiffs' property. Plaintiffs Troy and Lea Etts allege that the foreclosure was invalid and legally problematic because, among other things, Defendant Deutsche Bank National Trust Company ("Deutsche Bank") did not hold a valid mortgage lien on the property as a result of a purportedly invalid assignment. See Am. Compl., ¶ 23 (Dkt. 11).

After the case was removed to this Court, Defendant Deutsche Bank and Defendant Ocwen Loan Servicing, LLC ("Ocwen") (collectively for purposes of this decision, "Defendants") filed a motion to compel Plaintiffs to make monthly payments into a court escrow account (Dkt. 3). Plaintiffs filed their response on June 4, 2013 (Dkt. 9), and Defendants filed a reply on June 11, 2013 (Dkt. 12). The matter remained pending while the parties underwent an

ultimately unsuccessful facilitation, see Mediation Status Report (Dkt. 17), but it is now ripe for decision. Because the Court finds that this motion is, in reality, a request for injunctive relief that is defective because Defendants filed no counterclaim seeking injunctive relief, Defendants' motion is denied without prejudice.

## II.     BACKGROUND

Plaintiffs refinanced their property in Temperance, Michigan in 2003 with a loan they obtained from New Century Mortgage Corporation ("New Century"). Def.'s Mot. at 2-3 (Dkt. 3); Pl.'s Resp. at 5 (Dkt. 9). In exchange, Plaintiffs granted New Century a mortgage on the property, which was recorded in December 2003. Def.'s Mot. at 2-3; Pl.'s Resp. at 5. It appears that the loan terms were then modified, although the precise date of the modification is unclear. Plaintiffs appear to have executed the document on November 3, 2006, but Deutsche Bank, as Trustee, does not appear to have executed the document until February 21, 2008. Am. Compl., ¶ 8. Plaintiffs claim that regardless of the date of the modification, the mortgagee of record remained New Century. Id.

Defendants allege that Plaintiffs stopped making their monthly payments in 2010. Def.'s Mot. at 2. New Century then assigned the mortgage to Deutsche Bank in July 2012, although Plaintiffs contest the validity of that assignment. Assign. (Dkt. 11-11); Pl.'s Resp. at 4-5. Deutsche Bank foreclosed on the property and purchased it at the sheriff's sale on October 25, 2012. Def.'s Mot. at 3. However, it appears that Plaintiffs have continued living in the property by agreement of the parties pending the outcome of this case. Def.'s Reply at 2 n.1 (Dkt. 12). Plaintiffs do not dispute Defendants' assertion that Plaintiffs currently are not making any payments.

### III. DISCUSSION

Defendants argue that because Plaintiffs continue to remain in possession of the property, Plaintiffs should be responsible for making monthly payments during the pendency of this action. Defendants contend that because title in the property fully vested in Deutsche Bank's name following the foreclosure sale in October 2012 and subsequent redemption period, Deutsche Bank has "paid both the property taxes and insurance for the Property despite not being in possession of the Property." Def.'s Mot. at 3. Defendants further note that the parties agreed that Plaintiffs may remain in the property during this action, but that this agreement has left Deutsche Bank in a tenuous position: Deutsche Bank does not have possession of the property, but Plaintiffs, as cost-free residents, have no incentive to maintain the property. As a result, Defendants request the Court exercise its equitable power to require Plaintiffs to make monthly payments into an escrow account, with such funds to be "tendered to the party designated by the Court" at the conclusion of this matter. Id. at 3.

Plaintiffs' response focuses more on the merits of their allegations than on Defendants' equitable request.[1] Nevertheless, in so doing, Plaintiffs suggest that it would be inequitable to grant Defendants' request in light of Defendants' own allegedly inequitable conduct, for example foreclosing where no valid security interest exists. Pl.'s Resp. at 11-12. Plaintiffs contend that to create the requested escrow would "endorse the conduct of Defendant Deutsche for

---

[1] Plaintiffs allege that New Century and its parent company and affiliates filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on April 2, 2007. Am. Compl., ¶ 14; Pl.'s Resp. at 9. As part of that bankruptcy, Plaintiffs believe that New Century transferred its assets, including the mortgage on Plaintiffs' property, to the New Century Liquidating Trust. Am. Compl., ¶¶ 17, 19; Pl.'s Resp. at 9. Plaintiffs maintain that New Century could not assign its interest in the mortgage to Deutsche Bank in 2012 because the mortgage was held by the trust, and thus only the trustee could make such as assignment. Am. Compl., ¶ 23. As a result, Plaintiffs argue that Deutsche Bank did not have the authority to foreclose. Id. Defendants dispute Plaintiffs' standing and the underlying claim.

intentionally preparing and recording the fraudulent Assignment of Mortgage in July of 2012 and executing upon it at the October 25, 2012 Sheriff's Sale." Id. at 11.

Neither party has cited authority regarding using a motion to compel monthly payments during litigation challenging a foreclosure. Defendants refer to a state court rule, M.C.R § 4.201(h), which allows a court to create an escrow account for rent payments if a landlord shows a clear need for protection. As Plaintiffs point out, however, the escrow's creation is discretionary and the Court is aware of no cases using that provision outside of the landlord-tenant context.

Although styled as a motion to compel, the Court notes that, in reality, Defendants are seeking injunctive relief based on the argument that equity requires Plaintiffs to make payments into an escrow account in exchange for the parties' agreement not to evict. In a distinctly different procedural context — where a homeowner has sought a preliminary injunction to prevent a foreclosure sale — courts have taken into account the homeowner's payment into escrow or failure to do so. See, e.g., Frost v. Wells Fargo Bank, N.A., 901 F. Supp. 2d 999, 1005 (W.D. Mich. 2012) (preliminary injunction enjoining home sale was warranted because plaintiffs were making monthly payments into the escrow account maintained by their attorney); see also Wilson v. Wells Fargo Bank, No. 11-03394, 2011 WL 3443635, at *3 (N.D. Cal. Aug. 5, 2011) (denying homeowners' request to prevent foreclosure, where they stopped making mortgage payments, because "[i]f Plaintiffs were interested in doing equity and legitimately believed that these Defendants are not entitled to mortgage payments, they could, for example, have paid their mortgage payments in escrow"); Durmic v. J.P. Morgan Chase Bank, N.A., No. 10-10380, 2010 WL 4825632, at *7 (D. Mass. Nov. 24, 2010) (denying preliminary injunction where plaintiff had unclean hands due to her failure to attempt payment or place payments in escrow).

4

The context of the instant case is different because Plaintiffs are not seeking immediate relief to remain in possession of the property (such as a preliminary injunction), and Defendants are not urging the Court to compel payment as a condition for Plaintiffs to obtain that relief from the Court. Rather, Defendants are seeking equitable relief as their unilateral claim of entitlement.

However, an injunction is an equitable remedy that must be tied to an underlying claim. See Wiggins v. Argent Mortg. Co., LLC, No. 11-15118, 2013 WL 2034055, at *6 (E.D. Mich. May 14, 2013) (noting that a claim for injunctive relief cannot stand if the underlying claims fail); see also Tann v. Chase Home Fin., LLC, No. 10-14696, 2011 WL 3799841, at *10 (E.D. Mich. Aug. 26, 2011) ("[P]laintiff cannot seek an injunction as a stand-alone cause of action; it is only available as an equitabl[e] remedy"). Here, although Defendants request an equitable remedy, they have not brought a claim that could provide the basis for such relief. Accordingly, the Court cannot grant Defendants' request in the present procedural posture of the case, where Defendants have filed no affirmative claim for relief by way of a counterclaim.

## IV. CONCLUSION

For the foregoing reasons, the Court denies without prejudice Defendant Deutsche Bank's and Defendant Ocwen's motion to compel plaintiffs to make monthly payments into a court escrow account (Dkt. 3).

SO ORDERED.


Dated: November 7, 2013　　　　　　　　　　s/Mark A. Goldsmith
　　　　Flint, Michigan　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

5

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 7, 2013.

                                  s/Deborah J. Goltz
                                  DEBORAH J. GOLTZ
                                  Case Manager