UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

TROY ETTS and LEA ETTS,

    Plaintiff,

v.

DEUTSCHE BANK NATIONAL TRUST
COMPANY, as Trustee for Securitized Asset
Backed Receivables LLC Trust 2004-NCI,
Pooling and Servicing Agreement Dated as of
April 1, 2004; and OCWEN LOAN SERVICING, LLC,

    Defendants.

Case No. 13-11588
Hon. Mark A. Goldsmith

_____/

| LEVEL ONE LEGAL SERVICES, P.C. | HERTZ SCHRAM PC |
|---|---|
| Kelli C. Meeks (P40748) | Deborah S. Lapin (P59027) |
| Attorney for Plaintiffs | Attorneys for Defendants Deutsche |
| 455 E. Eisenhower Parkway | Bank and Ocwen Loan Servicing, LLC |
| Suite 240 | 1760 S. Telegraph Road, Suite 300 |
| Ann Arbor, MI 48108 | Bloomfield Hills, MI 48302 |
| (734) 274-4329 | (248) 335-5000 |

_____/

## DEFENDANTS DEUTSCHE BANK AND OCWEN'S SECOND MOTION TO EXCLUDE TESTIMONY AND/OR THE AFFIDAVIT OF PLAINTIFFS' EXPERT ELIZABETH JACOBSON PURSUANT TO FRE 401, 403 AND 702

Defendants Deutsche Bank National Trust Company, as Trustee for Securitized Asset Backed Receivables, LLC Trust 2004-NC1, Pooling and Servicing Agreement Dated as of April 1, 2004 ("Deutsche Bank") and Ocwen Loan Servicing, LLC ("Ocwen") (collectively "Defendants"), by and through their

undersigned counsel, submit this Second Motion to Exclude Testimony and/or the Affidavit of Plaintiffs' Expert Elizabeth Jacobson Pursuant to FRE 401, 403 and 702, and state as follows:

1. The undersigned counsel certifies that counsel personally spoke to, or met with, opposing counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief; opposing counsel expressly denied concurrence.

2. On March 11, 2015, Plaintiffs filed their Second Amended Complaint. (Doc. #46.)

3. Plaintiffs' Second Amended Complaint contained two claims: promissory estoppel and fraudulent misrepresentation. (Doc. #46, pgs. 7 and 11.)

4. On August 25, 2015, the Court issued its Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss (the "Opinion and Order"). (Doc. #61.)

5. In the Opinion and Order, the Court dismissed Plaintiffs' claim for fraudulent misrepresentation. (Doc. #61, p. 11).

6. In the Opinion and Order, the Court determined that the allegations in Plaintiffs' Second Amended Complaint failed to state a claim for promissory

estoppel "based upon a purported failure to consider Plaintiffs' financial eligibility for a loan modification." (Doc. #61, p. 14.)

7. The Opinion and Order also disposed of Plaintiffs' promissory estoppel claim to the extent that it was premised upon the allegation that Defendants were required to follow HAMP directives in considering the Plaintiffs' financial eligibility for a loan modification determination. (Doc. #61, pgs. 15 – 18.)

8. The Opinion and Order expressly limits Plaintiffs' promissory estoppel claim to Defendant Ocwen's September 1, 2012 alleged written promise to adjourn the foreclosure sale pending a loan modification review. (Doc. #61, p. 32.)

9. On or about August 11, 2015, Plaintiffs provided Defendants with the Affidavit of Elizabeth Jacobson ("Jacobson"), a designated expert witness. The redacted August 11, 2015 Affidavit of Elizabeth Jacobson (the "First Affidavit") is attached hereto as **Exhibit 1**.

10. On September 22, 2015, Defendants filed their first Motion to Exclude Testimony and/or the Affidavit of Plaintiffs' Expert Elizabeth Jacobson Pursuant to FRE 401, 403 and 702, requesting that Jacobson's testimony and First Affidavit be excluded and/or stricken from this case because the First Affidavit was not relevant to the promissory estoppel claim relating to the alleged September 1, 2012 promise that survived summary judgment. (Doc. #62.)

11. On December 21, 2015, this Court entered an order granting in part and denying in part Defendants first Motion to Exclude Testimony and/or the Affidavit of Plaintiffs' Expert Elizabeth Jacobson Pursuant to FRE 401, 403 and 702. (Doc. #70.) This Court ruled that "[b]y operation of the August 25, 2015 opinion and order, many of the issues addressed by Ms. Jacobson's [First Affidavit] were rendered moot," and that "the opinions set forth in [the First Affidavit] do not reasonably address the issues in the case in its current posture." (Doc. #70, p. 1.) Plaintiffs were "granted leave to submit revised expert disclosures tailored to the remaining issues in this case." (Doc. #70, p. 2.)

12. On December 31, Plaintiffs served Defendants with a revised Affidavit of Elizabeth Jacobson (the "Second Affidavit").

13. The Second Affidavit is identical to the First Affidavit in almost every respect. Among the assertions contained within the Second Affidavit that were present in the First Affidavit, which this Court ruled does "not reasonably address the issues in the case in its current posture," are the following:

> a. The Second Affidavit contains Jacobson's opinions that a non-party prior loan servicer (not Defendants) wrongfully denied Plaintiffs a loan modification pursuant to HAMP. **Exhibit 2**, pgs. 3 – 5.

b. The Second Affidavit contains Jacobson's opinion that a search of the SEC website for the trust related to the loan allegedly fails to contain a filing that the loan is subject to one modification. **Exhibit 2**, p. 3, ¶6.

c. The Second Affidavit contains Jacobson's opinion that a 2006 loan modification executed by Plaintiffs contains the incorrect date of the subject mortgage and therefore questions whether the subject mortgage is part of the trust. **Exhibit 2**, p. 3, ¶¶7 – 9.

d. Jacobson also avers that an Assignment of Mortgage that "purports" to assign the subject mortgage from New Century Mortgage Corporation to Defendant Deutsche Bank "proves that the subject loan is not in the 'pool' of loans for Deutsche Bank" because:

   i. The cutoff date pursuant to the PSA for the 2004-NC1 Trust is April 1, 2004 and the loan was transferred to the Trust after the cutoff date;

   ii. Pursuant to the PSA, only qualified loans are allowed to be transferred into the pool and the subject loan was not a qualified loan because it was more than 30 days in default at the time of the purported assignment; and

      iii. New Century filed for Chapter 11 bankruptcy protection in 2007 and was not in business and/or did not have assets to assign at the time that the Assignment of Mortgage was executed in July 2012.

**Exhibit 2**, p. 7.

14. The only portions of the Second Affidavit that materially differ from the First Affidavit are paragraphs 14 and 15; however, even these new additions are irrelevant to the allegations pled in Plaintiffs' First Amended Complaint. Paragraph 14 states that "the Etts [sic] were qualified for an in-house loan modification based on their 2012 application for a loan modification," and paragraph 15 states the purported data that Jacobson relied upon to reach that conclusion. **Exhibit 2**. These statements are not relevant to the remaining issues in this case because this Court dismissed all of Plaintiffs' promissory estoppel claims except for the claim relating to the alleged September 1, 2012 promise that survived Defendants' motion to dismiss. (Doc. #62.) As this Court observed in its August 25 Opinion and Order, "Plaintiffs fail to allege [in their First Amended Complaint] that they would have been granted a loan modification had Defendants considered their financial eligibility." (Doc. #61, p. 17.) The statements in paragraphs 14 and 15 regarding Plaintiffs' eligibility for a loan modification relate

only to a claim that was dismissed and they have no relevance to Defendants' alleged promise to adjourn the foreclosure sale. (Doc. #61, p. 32.)

15. As with the First Affidavit, the Assignment of Mortgage referenced in the Second Affidavit was executed and recorded in July 2012 and was the basis of Plaintiffs' wrongful foreclosure claim in their First Amended Complaint. (Doc. #11.)

16. On February 19, 2014, the Court granted Defendants' Motion to Dismiss the Plaintiffs' First Amended Complaint and dismissed Plaintiffs' claims that the foreclosure sale was invalid based on a purported invalid Assignment of Mortgage. (Doc. #34, pgs. 5 – 14.)

17. FRE 401 provides that evidence is relevant if:

    a. it has any tendency to make a fact more or less probable than it would be without the evidence; and

    b. the fact is of consequence in determining the action.

18. FRE 403 states that "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

19. FRE 702 provides, in pertinent part, that "a witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the

form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue."

20. Jacobson's anticipated testimony as set forth in the Second Affidavit is not relevant pursuant to FRE 401 because her opinions are related to:

    c. Plaintiffs' HAMP claims that were dismissed in the Order and Opinion;

    d. A 2006 loan modification and a purported claim that the Plaintiffs' loan is in a trust and that the SEC website purportedly does not contain a filing restricting the subject loan to one modification;

    e. An Assignment of Mortgage that was previously addressed by this Court in its Opinion and Order dismissing Plaintiffs' challenges to the Assignment of Mortgage (Doc. #34, pgs. 5 – 14.); and

    f. Plaintiffs' eligibility for a purported "in-house" loan modification based on their 2012 application for a loan modification.

21. Jacobson's anticipated testimony as set forth in the Second Affidavit is not relevant pursuant to FRE 401 because it does not address the sole issue left in the case; specifically, whether Plaintiffs can establish promissory estoppel based upon Defendant Ocwen's alleged September 1, 2012 written promise to adjourn the foreclosure sale pending a loan modification review. (Doc. #61, p. 32.)

22. Even assuming that Jacobson's anticipated testimony as set forth in the Second Affidavit is relevant, which Defendants deny, its probative value is substantially outweighed by danger of unfair prejudice and confusion of the issues as Jacobson's anticipated testimony addresses issues that are not going to be considered by the trier of fact because they do not have any relationship to Plaintiffs' promissory estoppel claim.

23. Pursuant to MRE 702, Jacobson's anticipated testimony and the Second Affidavit are not necessary to assist the trier of fact to understand whether Plaintiffs can establish their claim for promissory estoppel because Jacobson's opinions have nothing to do with whether Plaintiffs relied on Defendant Ocwen's alleged September 1, 2012 written promise to adjourn the foreclosure sale pending a loan modification review and allegedly sustained damages as a result of same.

24. This Court already ruled on almost all of the content of the Second Affidavit when it found that "the opinions set forth in [the First Affidavit] do not reasonably address the issues in the case in its current posture." (Doc. #70, p. 1.) The only two new substantive paragraphs of the Second Affidavit, paragraphs 14 and 15, are irrelevant to this case for the same reason. Accordingly, the testimony and Second Affidavit of Jacobson should be excluded from this case.

WHEREFORE, Defendants Deutsche Bank and Ocwen request that this Court exclude the testimony and Second Affidavit of Plaintiffs' expert Elizabeth

Jacobson pursuant to FRE 401, 403 and 702, award Defendants and costs for having to defend in the matter and for any other relief as may be appropriate.

Respectfully submitted,

HERTZ SCHRAM PC

/s/ Deborah S. Lapin
Deborah S. Lapin (P59027)
Attorney for Deutsche Bank and Ocwen
Loan Servicing, LLC
1760 S. Telegraph Road, Suite 300
Bloomfield Hills, MI 48302
(248) 335-5000
dlapin@hertzschram.com

Dated: January 15, 2016

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

TROY ETTS and LEA ETTS,

    Plaintiff,

Case No. 13-11588
Hon. Mark A. Goldsmith

v.

DEUTSCHE BANK NATIONAL TRUST
COMPANY, as Trustee for Securitized Asset
Backed Receivables LLC Trust 2004-NCI,
Pooling and Servicing Agreement Dated as of
April 1, 2004; and OCWEN LOAN SERVICING, LLC,

    Defendants.
_____/

| LEVEL ONE LEGAL SERVICES, P.C. | HERTZ SCHRAM PC |
|---|---|
| Kelli C. Meeks (P40748) | Deborah S. Lapin (P59027) |
| Attorney for Plaintiffs | Attorneys for Defendants Deutsche |
| 455 E. Eisenhower Parkway, Suite 240 | Bank and Ocwen Loan Servicing, LLC |
| Ann Arbor, MI 48108 | 1760 S. Telegraph Road, Suite 300 |
| (734) 274-4329 | Bloomfield Hills, MI 48302 |
|  | (248) 335-5000 |

_____/

## BRIEF IN SUPPORT OF DEFENDANTS DEUTSCHE BANK AND OCWEN'S MOTION TO EXCLUDE TESTIMONY AND/OR THE AFFIDAVIT OF PLAINTIFFS' EXPERT ELIZABETH JACOBSON PURSUANT TO FRE 401, 403 AND 702

## STATEMENT OF ISSUES

I. Should Plaintiffs' expert witness Elizabeth Jacobson be precluded from testifying at trial and should her Affidavit be precluded from introduction at trial because her anticipated opinions/testimony and Affidavit are not relevant to Plaintiffs' remaining claim for promissory estoppel?

Defendants Deutsche Bank and Ocwen answer: Yes.

## THE CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR THE RELIEF SOUGHT

FRE 401, FRE 402 and FRE 702.

                              Respectfully submitted,
                              HERTZ SCHRAM PC

                              /s/ Deborah S. Lapin
                              Deborah S. Lapin (P59027)
                              Attorney for Deutsche Bank and
                              Ocwen Loan Servicing, LLC
                              1760 S. Telegraph Road, Suite 300
                              Bloomfield Hills, MI 48302
                              (248) 335-5000
                              dlapin@hertzschram.com

Dated: January 15, 2016

## **PROOF OF SERVICE**

On January 15, 2016, the undersigned electronically filed and served the foregoing document using the electronic filing system of the United States District Court which will send notice of such filing via email to all counsel of record:

Kelli C. Meeks, Esq.
Kmeeks@Levelonelegal.com

/s/ Laura Baumhardt
Laura Baumhardt, Legal Assistant